**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| JUAN CARLOS CANCINO, | ) |
| Plaintiff(s), | ) CIVIL ACTION NO.:   1:19-cv-24680 |
| v. | ) |
| MASTRO'S FTL, LLC, D/B/A MASTRO'S OCEAN CLUB, | ) |
| Defendant(s). | ) |

## COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiff, Juan Carlos Cancino ("Mr. Cancino" or "Plaintiff"), hereby brings this Complaint and Demand for Jury Trial against Defendant, Mastro's FTL, LLC, d/b/a Mastro's Ocean Club ("Defendant" or "Mastro's"), and alleges as follows:

## NATURE OF THE CLAIM

1. This action seeks compensatory damages, punitive damages, declaratory relief, injunctive relief, and any other permissible legal damages for Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, *et. seq.* ("Title VII").

2. Plaintiff alleges that Defendant unlawfully discriminated, harassed, and retaliated against him on the basis of national origin.

## THE PARTIES

3. Mr. Cancino has been employed in the restaurant industry for most of his life after coming to the United States from Mexico in 1997. From dishwasher to cook, Mr. Cancino has successfully worked his way through every aspect of the commercial kitchen and worked for many different restaurants.

4. In fact, prior to his employment with Mastro's, Plaintiff was employed for about 15 years by Houston's, as a line cook.

5. On or about July 2018, Mr. Cancino was employed by the Defendant as a line cook in its restaurant located at N.E. 32nd Avenue, Fort Lauderdale, FL.

6. Defendant, Mastro's FTL, LLC, d/b/a Mastro's Ocean Club is a restaurant located in Broward County, Florida with several locations in 8 states and the District of Columbia.

7. In 2013 Mastro's restaurants were acquired by Landry, Inc., a multi-billion dollar restaurant and hospitality conglomerate with thousands of employees across the United States.

8. At all times material hereto, Defendant had at least fifteen employees, and was therefore an "employer" within the meaning of Title VII.

## JURISDICTION and VENUE

9. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1331, as it arises under questions involving Title VII.

10. This Court has personal jurisdiction over Plaintiff because Plaintiff submits to the Court's jurisdiction. This Court has personal jurisdiction over Defendant, pursuant to Florida Statutes §48.193(1)(a)(1), (2), and (6), because it conducts substantial business in this District, some of the actions giving rise to the Complaint took place in this District, and all of Plaintiff's claims arise out of Defendant's operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to these claims occurred in this District and the Defendant has caused harm to a Plaintiff residing in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff timely filed charges of discrimination with the EEOC, and was subsequently issued a Notice of Right to Sue dated August 22, 2019.

13. Plaintiff timely filed this action within the 90 day period contained in the Notice of Right to Sue, and have otherwise complied with all conditions precedent to filing suit.

## FACTUAL ALLEGATIONS

14. On or about July 2018, Plaintiff was hired by Defendant as a line cook in its restaurant located at N.E. 32nd Avenue, Fort Lauderdale, FL.

15. Almost immediately after commencing his work with Defendant, Plaintiff became subject to numerous inappropriate comments and derogatory statements about his Mexican origin.

16. Defendant is liable for the acts and conduct of its employees and/or agents towards Plaintiff.

17. For example, within about a week of his employment with Defendant, one of Defendant's employees and/or agents, made a disgusting, racist, and wholly inappropriate comment to Plaintiff by stating that, "all Mexicans walk with tortillas in their pockets."

18. These comments regarding Plaintiff's Mexican origin would only get more egregious during the course of his employment with Defendant.

19. Even Plaintiff's supervisor and executive chef, Mr. Rocco, would make inappropriate comments regarding Mr. Cancino's Mexican origin.

20. While blaming Plaintiff for not making a profit on food sales, something Plaintiff has absolutely no control over, Mr. Rocco referenced his Mexican origin as a reason why he was not doing his job effectively.

21. Plaintiff complained to his supervisors regarding these inappropriate comments, but no action was ever taken.

22. Defendant's employees and agents continued to make derogatory and otherwise inappropriate comments regarding national origin throughout Plaintiff's employment at Mastro's.

23. In fact, the derogatory and unacceptable comments regarding Mr. Cancino's origin only seemed to get worse after Mr. Cancino complained to supervisors.

24. Despite this unfair and discriminatory treatment Plaintiff's dutifully performed all his job responsibilities as a line cook.

25. Plaintiff was never late to show up for a shift.

26. Plaintiff also never received any write-ups, written complaints, or other complaints from management regarding his performance as a line cook.

27. Nevertheless, on or about August 8, 2018, Plaintiff was improperly terminated by their employer, Defendant, on account of his national origin, in direct violation of Title VII.

28. Plaintiff's firing was retaliation for complaints made regarding inappropriate and discriminatory comments by Defendant's employees and/or agents about Plaintiff's Mexican origin.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
National Origin Based Discrimination in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-2(a)

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 28, above.

30. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their national origin.

31. As alleged above, Plaintiff was discriminated against by Defendant on the basis of national origin.

32. Defendant deprived Plaintiff of employment opportunities on the basis of his national origin.

33. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

34. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on his national origin.

35. As such, Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

36. Plaintiff is entitled to the reasonable attorneys' fees and costs incurred in the prosecution of this action.

**SECOND CLAIM FOR RELIEF**
National Origin Based Discrimination (Hostile Work Environment) in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-2(a)

37. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 28, above.

38. Plaintiff was subjected to harassment and discriminatory comments by Defendant's agents and/or employees, because of his Mexican origin.

39. Defendant's agents' and employees' conduct was not welcomed by Plaintiff.

40. Defendant's agents' and employees' conduct was undertaken because of Plaintiff's national origin, Mexican.

41. The conduct was so severe or pervasive that reasonable persons in Plaintiff's

position would find their work environment to be hostile or abusive.

42. Plaintiff believed his work environment to be hostile or abusive as a result of the conduct of Defendant's agents and employees.

43. Management level employees of the Defendant knew, or should have known, of the abusive conduct.

44. The harassment of Plaintiff was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

45. Defendant did not exercise reasonable care to prevent harassment in the workplace on the basis of national origin, and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

46. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

47. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on national origin.

48. As such, Plaintiff further seek compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

49. Plaintiff is entitled to the reasonable attorneys' fees and costs incurred in the prosecution of this action.

### THIRD CLAIM FOR RELIEF
Retaliation in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-3(a)

50. Plaintiff incorporates by reference as if fully set forth herein the allegations

contained in paragraphs 1 through 28, above.

51. Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

52. Plaintiff made informal complaints to Defendant's agents and employees opposing Defendant's unlawful, discriminatory employment practices based on national origin.

53. As a result of Plaintiff's complaints, Defendant's agents and employees took materially adverse actions against Plaintiff, including, but not limited to, unlawful termination.

54. Defendant's adverse actions constituted retaliatory workplace harassment.

55. Defendant's retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

56. As a direct, legal and proximate result of Defendant's retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

57. As such, Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

58. Plaintiff is entitled to the reasonable attorneys' fees and costs incurred in the prosecution of this action.

## **DECLARATORY RELIEF ALLEGATIONS**

59. A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties. Plaintiff contends that Defendant violated his rights under Title VII. Plaintiff is informed and believes and thereon alleges that the Defendant will deny these allegations. Declaratory relief is therefore necessary and appropriate.

60. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF ALLEGATIONS

61. No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

62. If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. For a declaration that Defendant's actions, policies, and practices as alleged herein are unlawful;

B. For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in an amount to be proven at trial;

C. For compensatory damages for Plaintiff, including but not limited to, emotional pain and suffering, in an amount to be proven at trial;

D. For punitive damages in an amount to be determined at trial;

E. For liquidated damages;

F. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

G. For an order enjoining Defendant from engaging in the unlawful acts complained of herein;

H. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k), and other laws; and

I. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues triable by a jury.

Dated: November 12, 2019.

Respectfully submitted,

**THE G LAW GROUP, P.A.**
*Attorneys for the Plaintiff*
350 Lincoln Road, Suite 5038
Miami Beach, FL 33139
Tel: (305) 709-8877
Fax: (786) 460-8333
sgenadiev@theglawgroup.com

By:  */s/ Simeon G. Genadiev*
**SIMEON G. GENADIEV, ESQ.**
Florida Bar No.: 100918